AT ROANOKE, VA
FILED

AUG 3 0 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 7:12CR00073 |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAUF ABDUL SALAM, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Rauf Abdul Salam has moved for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Salam's motion must be denied.

## Background

On April 9, 2014, a jury convicted Salam of conspiracy to distribute or possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Prior to sentencing, the probation officer prepared a presentence report, which designated Salam as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated an advisory guideline range of imprisonment of 360 months to life based on that provision. The report indicated that the probation officer had not identified any factors that would warrant a departure from the career offender range.

Salam appeared for sentencing on July 14, 2014. During the hearing, defense counsel acknowledged that Salam "technically . . . qualifie[d] as a career offender." Sentencing H'rg Tr. 3; see also id. at 14 ("As I said, the probation officer is technically correct [that] he is a career offender."). Defense counsel emphasized, however, that the predicate convictions were "very old," and that Salam's record did not "look like the typical . . . career offender [record] by any sense." Id. at 3, 14. Consequently, defense counsel requested that the court "consider his criminal history . . .

overstated and . . . ignore the career offender guidelines." Id. at 14. Based on the age of Salam's prior convictions, the court agreed that it would not be "fair to treat [Salam] as a career offender" and that a "depart[ure]" was warranted. Id. at 22; see also id. at 6 (advising that the court was "seriously considering departing on the career offender designation"). Accordingly, the court "sustain[ed] that objection," and announced that it would "depart so as to treat [Salam] as if [he] did not have the career offender designation." Id. at 22. The court departed downward to a total offense level of 36 and a criminal history category of V. With the departure, Salam's guideline range became 292 to 365 months. The court ultimately imposed a 292-month term of imprisonment, the bottom of the post-departure range.

Salam now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Salam that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The Office of the Federal Public Defender was appointed to represent Salam. An attorney in the office has now filed a motion for a hearing. For the following reasons, the court concludes that it is clear from the record that Salam is not entitled to relief under § 3582(c)(2) and Amendment 782 and, thus, that no hearing is required.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing

2

Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Salam's applicable guideline range was his career offender range of 360 months to life, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines.[1] As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Salam's applicable guideline range was not affected by Amendment 782. Although the court ultimately departed downward at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because

---

[1] Contrary to the assertions in the motion for hearing, the court did not "affirmatively change[] Mr. Salam's designation to not being a career offender." Mot. for Hearing at 2. Instead, the court agreed with counsel that the designation, while technically correct, overstated the seriousness of Salam's actual criminal history, and, thus, that a departure was warranted. See Sentencing H'rg Tr. at 22; see also Statement of Reasons 2 (indicating that "[t]he court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual," specifically, "criminal history inadequacy" under § 4A1.3).

3

that range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Salam is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266, 267 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

For these reasons, Salam's motion for reduction of sentence under § 3582(c)(2) must be denied.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 30th day of August, 2016.

                                                          /s/ Conrad
Chief United States District Judge

---

[2] While this decision may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005); see also United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Unless and until the Sentencing Commission amends the Guidelines applicable to career offenders, the court will not have the authority to reduce the defendant's sentence under § 3582(c)(2). In the meantime, the court stands by its statement at the defendant's sentencing hearing: If the Sentencing Commission decides to amend the Guidelines applicable to defendants such as Salam, who technically qualified for the career offender designation, the court will give him "the full measure of any reduction that is permitted under changes in the law." Sentencing H'rg Tr. 29.

4

Case 7:12-cr-00073-GEC-RSB Document 330 Filed 08/30/16 Page 4 of 4 Pageid#: 1978