CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
August 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 7:12CR00073-002 |
| v. | ) **OPINION AND ORDER** |
| **RAUF ABDUL SALAM,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Rauf Abdul Salam, Pro Se.*

Rauf Abdul Salam has filed a motion seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He claims that he was subjected to a sentencing disparity based on the quantity of heroin involved in his offense of conviction because he did not possess the full quantity himself. For the following reasons, Salam's motion will be denied.

I.  BACKGROUND.

On April 9, 2014, a jury convicted Salam of conspiracy to possess with intent to distribute 1,000 grams or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). On July 18, 2014, the late District Judge Glen E. Conrad sentenced him to 292 months of imprisonment. On October 25, 2021, Salam filed a motion for compassionate release, alleging that he received a significantly longer sentence than he would have if sentenced in 2021,

due to a change in career offender designations. I granted the motion and reduced Salam's sentence to 235 months. *United States* v. *Salam*, No. 7:12CR00073-002, 2022 WL 72480, at *4 (W.D. Va. Jan. 4, 2022).

## II. STANDARD OF REVIEW.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction," the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and the applicable factors listed in § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). A reduction in sentence must be consistent with the policy statements of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).

Even if there are extraordinary and compelling reasons justifying a sentence reduction, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Hargrove*, 30 F.4th at 194. A defendant has the burden to prove that he is entitled to a sentence reduction under § 3582(c)(1). *United States v. Mattingley*, No. 6:15-CR-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020).

III.  DISCUSSION.

Salam argues that his sentence was disproportionately long because only about 25.5 grams of heroin was personally attributable to him, not the 1,000 grams referenced in his conviction. He claims that the court failed "to determine a specific drug quantity attributed to [him]" and subsequently did not issue the correct sentence under the sentencing guidelines. Mot. 9, Dkt. No. 442. If sentenced today, Salam contends, his sentence would be reduced to 51 months.

There is nothing in the record that indicates Salam was incorrectly sentenced based on substance quantity. The jury verdict makes clear that the jury found Salam "guilty beyond a reasonable doubt of knowingly conspiring to distribute with intent to distribute *1,000 grams or more* of a mixture or substance containing heroin." Verdict, Dkt. No. 216 (emphasis added). The jury was properly instructed that the quantity of drugs attributable to the defendant incudes "the controlled substances fellow conspirators distributed or agreed to distribute, if you find that these distributions or agreements to distribute were in furtherance of the conspiracy and were reasonably foreseeable by the defendant." Trial Tr. 519, lines 14–18, Dtk. No. 246. The same principle applies at sentencing. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (U.S. Sent'g Comm'n 2024).

I find that Salam's argument that he was improperly sentenced due to the quantity of heroin attributable to him lacks merit.

Salam has made admirable use of the resources available to him in prison and has submitted several certificates and course completion records in support of his motion. I commend Salam's progress and encourage his continued efforts. However, rehabilitation alone is not a sufficient ground for release. *Id*. § 1B1.13(d).

IV. CONCLUSION.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, Dkt. No. 442, is DENIED.

ENTER: August 29, 2025

/s/ JAMES P. JONES
Senior United States District Judge